ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
VANETTA WRIGHT,

              Plaintiff,

  -against-                     **MEMORANDUM & ORDER**
                                         Case No. 06-CV-6014 (FB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

              Defendant.
----------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                  *For the Defendant:*
CHARLES E. BINDER, ESQ.              BENTON J. CAMPBELL, ESQ.
Binder and Binder, P.C.                   United States Attorney
215 Park Avenue South, 6th Floor      Eastern District of New York
New York, New York 10003             By: JAMES H. KNAPP, ESQ.
                                                      Assistant United States Attorney
                                                        610 Federal Plaza
                                                         Central Islip, New York 11722

**BLOCK, Senior District Judge:**

       Vanetta Wright ("Wright"), a former shoe salesperson, seeks review of the Commissioner of Social Security's ("Commissioner") final order denying her application for disability insurance benefits ("DIB"). The parties have cross-moved for judgement on the pleadings: the Commissioner seeks an order of affirmance; Wright seeks an order remanding for the calculation of benefits, or, in the alternative, for a new hearing and decision. For the following reasons, the Commissioner's motion is denied and Wright's motion is denied in part and granted in part; the case is remanded for further development of the record and new determination of Wrights entitlement to DIB.

I

Wright applied for DIB in April of 2003, alleging disability based on pain in

her neck, lower back and foot, and symptoms from chronic fatigue syndrome, high blood pressure and chronic depression. *See* Tr.[1] 60-69. After being denied by the Regional Commissioner, Wright sought review by an administrative law judge ("ALJ"). *See id.* at 46-50.

In a written decision dated November 22, 2005, the ALJ found that: (1) Wright had not engaged in substantial gainful activity since February 28, 1999; (2) medical evidence established that between February 28, 1999 and December 31, 2002 (the "relevant period"), Wright suffered from hypertension, effects of an earlier-sustained rib fracture and an adjustment disorder; (3) Wright's impairments were severe but did not render her *per se* disabled; (4) Wright's allegations of pain and other subjective symptoms were not credible because they were not supported by medical evidence and were not consistent with her daily activities; and (5) Wright retained the residual functional capacity ("RFC") to lift and carry up to 10 pounds frequently and 20 pounds occasionally, which allowed her to perform her past relevant work as a shoe salesperson during the relevant period. *See id.* at 20-21. Based on these findings, the ALJ determined that Wright was not disabled within the meaning of the Social Security Act during the relevant period. *See id.* at 21. The decision became the Commissioner's final decision when the Appeals Council denied Wright's request for review. *See id.* at 5-7.

In support of her motion, Wright argues that the ALJ failed to (1) follow the treating physician rule and (2) properly evaluate her credibility pursuant to Social Security

---

[1] "Tr." refers to the administrative transcript filed by the Commissioner as part of his answer. *See* Docket Entry # 5.

2

Ruling ("SSR") 96-7p.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel."[2] *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). The claimant's treating physician's opinion is given controlling weight if it is well supported by medical evidence and not inconsistent with other substantial evidence. *See* 20 C.F.R. § 416.927(d).

## II

In determining that Wright retained sufficient RFC to return to her prior work, the ALJ relied on the reports of Dr. Arnold Blank, one of Wright's treating physicians, and Dr. Bhaskar Nayak, one of Wright's treating psychiatrists, *see* Tr. at 18; however, the ALJ's decision failed to mention the reports of Drs. LaTonia Ward, Yasmin Rashid, James McIntosh and Theodore Fields, all of whom had treated Wright, in violation of his obligation to "always give good reasons in [his] . . . decision for the weight [to be given to the] treating source's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citation omitted). While these opinions were rendered after the relevant period, Dr. Ward had treated Wright since 1997, *see* Tr. at 200, and Dr. Fields specifically stated that Wright suffered from the symptoms and limitations described in his report since 1999, *see id.* at 388; furthermore, to the extent the ALJ rejected these opinions because they did not state

---

[2]Wright was represented by counsel before the ALJ.

3

whether they described Wright's conditions during the relevant period, he should have attempted "to fill" this "gap[] in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *see Brown v. Apfel*, 1998 WL 767140, at *4 (E.D.N.Y. 1998) (ALJ erred in not seeking retrospective diagnosis where "evidence . . . suggests that the petitioner's condition and symptoms were constant, making it more likely that . . . a retrospective assessment . . . would state that the plaintiff's condition caused him to be unable to work during the time period for which he is seeking benefits"). Thus, on remand, the ALJ should address the opinions of all of Wright's treating physicians, particularly Dr. Ward's opinion that Wright could only occasionally lift and carry 0-5 pounds, *see* Tr. at 203, and take steps necessary to fill any gaps contained on those opinions.

The Court notes that the ALJ's discussion of Dr. Nayak's opinion only addressees the portions of her report supporting the ALJ's findings and fails to address other portions of the report, *compare id.* 18-19 (ALJ decision discussing Dr. Nayak's report) *with id.* 184-191 (Dr. Nayak's report); importantly, the ALJ did not address Dr. Nayak's opinion that Wright was "scared to go back to her job[] because she cannot tolerate the job pressure," *id.* at 184, and that Wright was incapable of tolerating even low levels of work-related stress. *Id.* at 190.[3] An ALJ cannot pick and choose evidence he wishes to address, *see Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("It is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination." (citing *Lopez v. Sec'y of Dept. of Health and Human Services*, 728 F.2d 148,

---

[3]Dr. Nayak stated that Wright suffered from the symptoms and limitations described in her report since June of 2000. *See* Tr. at 191.

150-51 (2d Cir. 1984) ("We have remanded cases when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him."))); thus, on remand the ALJ must address the totality of Dr. Nayak's report.

II

Under SSR 96-7p, an ALJ "must" consider seven factors in "assess[ing] the credibility of [an] individual's statements about symptoms and their effects;" they are:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p. The only factor the ALJ considered in rejecting Wright's testimony concerning the effect of her pain was her daily activities, *see* Tr. at 19; thus, the ALJ erred in failing to consider the other enumerated SSR 96-7p factors.

Furthermore, the ALJ's conclusion that Wright "testified to essentially normal daily activities," *id.*, is not supported by substantial evidence. To support this conclusion,

5

the ALJ stated that Wright "shopped, went to church and was able to drive." *id.*; however, review of Wright's testimony reveals that: (1) she has difficulty shopping for groceries and relies on her daughter to lift and carry them, *see id.* at 414 ("It's hard for me to concentrate to begin with of what I'm going to buy. It's hard for me to walk and to pick things up with my right hand."), and (2) while she has a drivers license, she only "sometimes" drives, resulting in difficulty going to and from church, *see id.* at 413, 432 (Wright testifying that she only sometimes drives to church and relies on her daughter and public transportation otherwise). Indeed, Wright testified that her depression has prevented her from engaging in activities such as jogging, socializing with friends and sleeping regularly, all of which she was able to do prior to the onset of her depression, *see id.* at 407-408, and that as a result of her pain and fatigue, she spends most of her days "laying down, sleeping, watching TV and [sometimes reading]," *id.* at 412; simply stated, these are not the normal daily activities of a healthy individual.

## III

In remanding, the Court is sympathetic to the fact that Wright's claim for benefits has been pending for nearly five years. The Second Circuit, however, has made it quite plain that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). Furthermore, Wright has not directed any of her arguments to support a remand solely for the calculation of benefits.

Wright has asked the Court to impose a 120-day deadline for a new hearing and decision; however, because she has not progressed to step five it is improper to impose

a deadline. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2004) (holding, *inter alia*, that imposing time limits is inappropriate unless the claimant has progressed to step five because the burden shifts to the Commissioner at that point). On remand, however, the Court expects proceedings to be conducted and resolved expeditiously.

Accordingly, the case is remanded for further proceedings in accordance with this decision.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 4, 2008